IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jennifer L. Phillips, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. 0:22-3596-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
|    Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 6, 2023, recommending that the Commissioner's decision be affirmed. (Dkt. No. 29). The parties were advised of their right to file objections to the R & R within 14 days of the date of service and that a failure to file objections would result in limited clear error review and the waiver of the right to appeal from the order of the District Court. (*Id*. at 11). No party filed any objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Based upon a review of the record, the findings and conclusions of the Magistrate Judge, and the failure of Plaintiff to submit any objections to the R & R, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 29) as the Order of the Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

<u>s/Richard M. Gergel</u>
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 21, 2023